William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
Shilpa Coorg (SBN 278034)
  scoorg@dtolaw.com
DTO LAW
601 South Figueroa Street, Suite 2130
Los Angeles, CA 90017
Telephone: (213) 335-6999

Prachi Mehta (SBN 332350)
  pmehta@dtolaw.com
DTO LAW
2400 Broadway Street, Suite 220
Redwood City, CA 94063
Telephone: (415) 630-4100

Attorneys for Plaintiff
AMERICAN HONDA MOTOR
CO., INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| AMERICAN HONDA MOTOR CO., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LKQ CORP.,<br><br>Defendant. | Case No.: 2:21-cv-08210-AB (SK)<br><br>Hon. Andre Birotte Jr.<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint filed: October 15, 2021 |
| LKQ CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California Corporation,<br><br>Counter-Defendant. | |

STIPULATED PROTECTIVE ORDER

212822.12

1   1.      A. <u>PURPOSES AND LIMITATIONS</u>

2          Discovery in this action is likely to involve production of

3   confidential, proprietary, or private information for which special

4   protection from public disclosure and from use for any purpose other

5   than prosecuting this litigation may be warranted. Accordingly, the

6   parties hereby stipulate to and petition the Court to enter the following

7   Stipulated Protective Order. The parties acknowledge that this Order

8   does not confer blanket protections on all disclosures or responses to

9   discovery and that the protection it affords from public disclosure and

10  use extends only to the limited information or items that are entitled to

11  confidential treatment under the applicable legal principles. The parties

12  further acknowledge, as set forth in Section 13.3, below, that this

13  Stipulated Protective Order does not entitle them to file confidential

14  information under seal; Civil Local Rule 79-5 sets forth the procedures

15  that must be followed and the standards that will be applied when a

16  party seeks permission from the court to file material under seal.

17          B. <u>GOOD CAUSE STATEMENT</u>

18         This action is likely to involve trade secrets, customer and pricing

19  lists and other valuable research, development, commercial, financial,

20  technical and/or proprietary information related to the products of

21  American Honda Motor Co., Inc. and LKQ Corp., and the design patents

22  at issue in the case for which special protection from public disclosure

23  and from use for any purpose other than prosecution of this action is

24  warranted.   Such confidential and proprietary materials and

25  information consist of, among other things, confidential business or

26  financial information, information regarding confidential business

27  practices, or other confidential research, development, or commercial

28  information (including information implicating privacy rights of third

212822.12

parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: *American Honda Motor Co., Inc., v. LKQ Corp.*, Case No. 2:21-cv-08210 (C.D. Cal., filed Oct. 15, 2021).

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and contains (a) personal information, including but not limited to financial account numbers; (b) a Party's previously nondisclosed proprietary and confidential business information; (c) information about a Party's information technology systems or databases; or (d) any other category of information hereinafter given confidential status by the

1   Court.

2       2.4   "ATTORNEY'S EYES ONLY" ("AEO") Information or Items:

3   information (regardless of how it is generated, stored, or maintained) or

4   tangible things that qualify for protection under Federal Rule of Civil

5   Procedure 26(c), and contains (a) financial information (e.g., revenues,

6   costs, profits) or (b) trade secret information.

7       2.5   Counsel:  Outside Counsel of Record and House Counsel (as

8   well as their support staff).

9       2.6   Designating Party:  a Party or Non-Party that designates

10  information or items that it produces in disclosures or in responses to

11  discovery as "CONFIDENTIAL" or "AEO."

12      2.7   Disclosure or Discovery Material:  all items or information,

13  regardless of the medium or manner in which it is generated, stored, or

14  maintained (including, among other things, testimony, transcripts, and

15  tangible things), that are produced or generated in disclosures or

16  responses to discovery in this matter.

17      2.8   Independent Expert:  a person with specialized knowledge or

18  experience in a matter pertinent to the litigation who has been retained

19  by a Party or its counsel to serve as an expert witness or as a consultant

20  in this Action (as to whom the procedures set forth in Paragraphs 5.1 and

21  5.2 have been followed).

22      2.9   House Counsel:  attorneys who are employees of a party to

23  this Action.  House Counsel does not include Outside Counsel of Record

24  or any other outside counsel.

25      2.10  Non-Party:  any natural person, partnership, corporation,

26  association, or other legal entity not named as a Party to this action.

27      2.11  Outside Counsel of Record:  attorneys who are not employees

28  of a party to this Action but are retained to represent or advise a party to

STIPULATED PROTECTIVE ORDER

212822.12

this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party (and their support staffs).

2.12 <u>Party</u>: any party to this Action, including all of its corporate affiliates, officers, directors, employees, consultants, retained Independent Experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "AEO."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

STIPULATED PROTECTIVE ORDER

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    INDEPENDENT EXPERTS

5.1    Designating an Independent Expert.    The right of any independent expert to receive any Material that is designated as "CONFIDENTIAL" or "AEO" will be subject to the advance approval of such expert by the Producing Party.  The Party seeking approval of an independent expert must provide the Producing Party with the name and curriculum vitae of the proposed independent expert.  Such expert may not be a current employee of a Party.  Material designated as "CONFIDENTIAL" or "AEO" may be disclosed to an independent expert if ten (10) business days have passed since receipt of the identification of the proposed expert and no objection has been made by the Producing Party.  The approval of independent experts must not be unreasonably withheld.

5.2    Objection to an Independent Expert.    Any objection by the Producing Party to an independent expert receiving "CONFIDENTIAL" or "AEO" Information must be made in writing within the ten (10) business day period described in Paragraph 5.1.  If a Producing Party objects, it and the Party seeking approval shall attempt, in good faith, to

5

resolve the dispute.  If the dispute is not resolved within five (5) business days of receipt of the objection by the Party seeking approval, the objecting Party may thereafter move the Court for a ruling on the objection within three (3) business days.  If the objecting Party does not move the Court within eight (8) business days of receipt of the objection, the objection is deemed waived and information designated "CONFIDENTIAL" or "AEO" may be disclosed to the proposed independent expert.  If the objecting Party has moved the Court, until the court has ruled on the objection or the matter has been otherwise resolved, information designed as "CONFIDENTIAL" or "AEO" shall not be disclosed to the proposed independent expert.

6.   <u>DESIGNATING PROTECTED MATERIAL</u>

    6.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that

1  Designating Party must promptly notify all other Parties that it is
2  withdrawing the inapplicable designation.

3      6.2  <u>Manner and Timing of Designations</u>.   Except as otherwise
4  provided in this Order (see, e.g., second paragraph of section 6.2(a) and
5  section 6.2(b), below), or as otherwise stipulated or ordered, Disclosure or
6  Discovery Material that qualifies for protection under this Order must be
7  clearly so designated before the material is disclosed or produced.

8      Designation in conformity with this Order requires:

9      (a)  For information in documentary form (e.g., paper or
10 electronic documents, but excluding transcripts of depositions or other
11 pretrial or trial proceedings), that the Producing Party affix at a
12 minimum, the legend "CONFIDENTIAL" or "AEO" (hereinafter
13 "CONFIDENTIAL Legend" and "AEO Legend," respectively), to each
14 page that contains protected material.  If only a portion or portions of the
15 material on a page qualifies for protection, the Producing Party also must
16 clearly identify the protected portion(s) (e.g., by making appropriate
17 markings in the margins).

18 A Party or Non-Party that makes original documents available for
19 inspection need not designate them for protection until after the
20 inspecting Party has indicated which documents it would like copied and
21 produced. During the inspection and before the designation, all of the
22 material   made   available   for   inspection   shall   be   deemed
23 "CONFIDENTIAL" and "AEO."  After the inspecting Party has identified
24 the documents it wants copied and produced, the Producing Party must
25 determine which documents, or portions thereof, qualify for protection
26 under this Order.  Then, before producing the specified documents, the
27 Producing Party must affix the CONFIDENTIAL Legend and/or AEO
28 Legend to each page that contains Protected Material.  If only a portion

7

or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record all protected testimony, before the close of the deposition, hearing or other proceeding, or within 21 days after the transcript is delivered, unless another time is agreed between the parties.  All testimony taken in this case shall be treated as Protected Material until the expiration of 21 days after the transcript is delivered to any party or the witness.  Within this time period, a Designating Party may serve a Notice of Designation to all parties of record as to the specific portions of the testimony that are designated as Protected Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legends "CONFIDENTIAL" and "AEO." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

STIPULATED PROTECTIVE ORDER

1   Order.

2   7.   CHALLENGING CONFIDENTIALITY AND AEO

3   DESIGNATIONS

4   7.1   Timing of Challenges.  Any Party or Non-Party may challenge

5   a designation of confidentiality at any time that is consistent with the

6   Court's Scheduling Order.

7   7.2   Meet and Confer.  The Challenging Party shall initiate the

8   dispute resolution process under Local Rule 37.1 et seq.

9   7.3   The burden of persuasion in any such challenge proceeding

10   shall be on the Designating Party.  Frivolous challenges, and those made

11   for an improper purpose (e.g., to harass or impose unnecessary expenses

12   and burdens on other parties) may expose the Challenging Party to

13   sanctions.  Unless the Designating Party has waived or withdrawn the

14   "CONFIDENTIAL" or "AEO" designation, all parties shall continue to

15   afford the material in question the level of protection to which it is

16   entitled under the Producing Party's designation until the Court rules on

17   the challenge.

18   8.   ACCESS TO AND USE OF PROTECTED MATERIAL

19   8.1   Basic Principles.   A Receiving Party may use Protected

20   Material that is disclosed or produced by another Party or by a Non-Party

21   in connection with this Action only for prosecuting, defending, or

22   attempting to settle this Action.   Such Protected Material may be

23   disclosed only to the categories of persons and under the conditions

24   described in this Order.   When the Action has been terminated, a

25   Receiving Party must comply with the provisions of section 14 below

26   (FINAL DISPOSITION).

27   Protected Material must be stored and maintained by a Receiving

28   Party at a location and in a secure manner that ensures that access is

1   limited to the persons authorized under this Order.

2       Nothing in this Order shall limit a party's use or disclosure of his
3   or her own information designated as Protected Material.   Further,
4   nothing in this Order precludes a Producing Party or a Designating Party
5   from seeking the entry of a separate order to govern materials for which
6   additional protection is needed.

7       8.2   Disclosure of "CONFIDENTIAL" Information or Items.
8   Unless otherwise ordered by the court or permitted in writing by the
9   Designating Party, a Receiving Party may disclose any information or
10  item designated "CONFIDENTIAL" only to:

11      (a)   the Receiving Party's Outside Counsel of Record in this
12  Action;

13      (b)   the officers, directors, and employees (including House
14  Counsel) of the Receiving Party to whom disclosure is reasonably
15  necessary for this Action;

16      (c)   Independent Experts (as to whom the procedures set forth in
17  Paragraphs 5.1 and 5.2 have been followed) to whom disclosure is
18  reasonably necessary for this Action and who have signed the
19  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20      (d)   the court and its personnel;

21      (e)   court reporters and their staff;

22      (f)   professional jury or trial consultants, mock jurors, and
23  Professional Vendors to whom disclosure is reasonably necessary for this
24  Action and who have signed the "Acknowledgment and Agreement to Be
25  Bound" (Exhibit A);

26      (g)   the author or recipient of a document containing the
27  information or a custodian or other person who otherwise possessed or
28  knew the information;

STIPULATED PROTECTIVE ORDER

(h)   during their depositions, witnesses of a Party producing the Protected Material, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3   <u>Disclosure of "AEO" Information or Items</u>.  AEO material may be disclosed only in accordance with the provisions of this Stipulation and Order and only to the individuals listed in Section 8.2 except that it shall not be disclosed to any individual listed in Section 8.2(b) who is not House Counsel.

9.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "AEO," that Party must:

(a) promptly notify in writing the Designating Party.   Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective

STIPULATED PROTECTIVE ORDER

212822.12

Order.  Such notification shall include a copy of this Stipulated Protective Order; and

        (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "AEO" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its "CONFIDENTIAL" or "AEO" material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "AEO."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's "CONFIDENTIAL" or "AEO" information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's "CONFIDENTIAL"

STIPULATED PROTECTIVE ORDER

212822.12

or "AEO" information, then the Party shall:

        (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (3)    make the information requested available for inspection by the Non-Party, if requested.

    (c)    If the Non-Party fails to seek a protective order from this court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's "CONFIDENTIAL" or "AEO" information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

STIPULATED PROTECTIVE ORDER

this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

12.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court or may submit a separate order for entry by stipulation.

13.   <u>MISCELLANEOUS</u>

13.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3  Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order

1   authorizing the sealing of the specific Protected Material at issue.  If a
2   Party's request to file Protected Material under seal is denied by the
3   court, then the Receiving Party may file the information in the public
4   record unless otherwise instructed by the court.

5   14.   <u>FINAL DISPOSITION</u>

6         After the final disposition of this Action, as defined in paragraph 4,
7   within 60 days of a written request by the Designating Party, each
8   Receiving Party must return all Protected Material to the Producing
9   Party or destroy such material.  As used in this subdivision, "all Protected
10  Material" includes all copies, abstracts, compilations, summaries, and
11  any other format reproducing or capturing any of the Protected Material.
12  Whether the Protected Material is returned or destroyed, the Receiving
13  Party must submit a written certification to the Producing Party (and, if
14  not the same person or entity, to the Designating Party) by the 60 day
15  deadline that (1) identifies (by category, where appropriate) all the
16  Protected Material that was returned or destroyed and (2) affirms that
17  the Receiving Party has not retained any copies, abstracts, compilations,
18  summaries or any other format reproducing or capturing any of the
19  Protected Material.  Notwithstanding this provision, Counsel are entitled
20  to retain an archival copy of all pleadings, motion papers, trial,
21  deposition, and hearing transcripts, legal memoranda, correspondence,
22  deposition and trial exhibits, expert reports (prepared by Independent
23  Experts), attorney work product, and consultant and expert work product
24  (prepared by Independent Experts), even if such materials contain
25  Protected Material. Any such archival copies that contain or constitute
26  Protected Material remain subject to this Protective Order as set forth in
27  Section 4 (DURATION).

28  15.   Any violation of this Order may be punished by any and all

15

1  appropriate   measures   including,   without   limitation,   contempt
2  proceedings and/or monetary sanctions.

3

4  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6  DATED  ___February 11, 2022___

7

8  _/s/ William A. Delgado_____
9  Attorney for Plaintiff

10

11  DATED:  ___February 11, 2022___

12

13  _/s/ Reid P. Huefner_____
14  Attorney for Defendant

15                          **ATTESTATION**

16  I hereby certify, pursuant to Local Rule 5-4.3.4(a)(2)(i), that all other
17  signatories listed, and on whose behalf this document is submitted,
18  concur in the document's contents and have authorized its filing and
19  the placement of their electronic signatures above.

20

21  Dated:  February 11, 2022        DTO LAW

22

23                          By: _/s/ William A. Delgado_____
24                              William A. Delgado

25

26

27

28

212822.12

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3   DATED:   ___February 14, 2022_____

4

5

6   _____

7   Honorable Steve Kim
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
212822.12

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ___ in the case of *American Honda Motor Co., Inc. v. LKQ Corp.*, 2:21-cv-08210-AB-SK.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

STIPULATED PROTECTIVE ORDER

212822.12

1   Printed name: _____

2

3   Signature: _____

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

212822.12